LEWIS JACKSON *v.* SANDFORD JEFFERSON'S ADM'R.

**Failure of Proof—Peremptory Instruction.**

> Where a cause of action is pleaded in a petition and no proof submitted to prove it the court should instruct the jury to find for the defendant.

APPEAL FROM WOODFORD CIRCUIT COURT.

March 25, 1876.

OPINION BY JUDGE PRYOR:

There was evidence conducing to sustain the defense relied on by the appellant in the 4th paragraph of his answer.   It is there alleged that the original action for the recovery of the identical account for which the present action was instituted had been dismissed, under an agreement made between the parties by which the matters contained in that action should be considered as finally settled, the consideration for said agreement being that the plaintiff should remain in defendant's house with his family until he could obtain another dwelling.   There was no demurrer to this paragraph of the answer; yet the defendant offered an amendment setting forth more minutely the terms of the contract, and the filing was refused.

The original action was dismissed by the plaintiff, and the evidence

of both Jefferson and Jackson conduces to show that there was an agreement based upon a consideration causing the order of dismissal to be entered. This branch of the defense was withdrawn from the jury by the instruction given by the court in lieu of those asked by defendant's counsel. The jury should have been told that as to the account set up in the second count of the petition they must find for the defendant. If this count can be regarded as containing a cause of action, the allegations are denied by the answer and no proof whatever offered to sustain the claim. The wife and children, it is true, were with the plaintiffs, but there is nothing showing that any cruel treatment on the part of the defendant induced them to leave his house, and an entire absence of proof showing that when there, he refused to provide them with the necessaries of life.

The appellee voluntarily took them into his house, without the consent or upon terms made with the appellant, and has presented no state of facts from which any implied promise arises on the part of the appellant to pay the board.

For the reasons indicated the judgment is *reversed* and cause remanded with directions to award appellant a new trial, and for further proceedings consistent with this opinion.

*Turner & Thornton, for appellant.*

*Marshall & McLeod, for appellee.*